

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2004

# Karavolos v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Karavolos v. Atty Gen USA" (2004). *2004 Decisions.* Paper 925.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/925

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-1549

———————

KONSTANTINOS KYRIAKOS KARAVOLOS,
Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
Respondent

———————

PETITION FOR REVIEW OF AN ORDER OF THE
BUREAU OF IMMIGRATION APPEALS
Agency No. A43-095-750

———————

Submitted Under Third Circuit LAR 34.1(a)
February 24, 2004

———————

Before: RENDELL, BARRY, and ROSENN, Circuit Judges

———————

(Opinion Filed: March 22, 2004)

———————

OPINION

———————

BARRY, Circuit Judge

Because we write only for the parties in this matter, we will dispense with a full

recitation of the facts and limit our discussion only to those facts necessary to reach our decision. Petitioner Konstantinos Kyriakos Karavolos, a native and citizen of Greece, pled guilty to conspiracy to use and traffic in counterfeit access devices, in violation of 18 U.S.C. §§ 1029(a)(1) and 1029(c)(2). He was sentenced to home detention, five-years' probation, and $60,800.00 restitution.[1] The Immigration and Naturalization Service ("INS") charged him with being removable as an alien convicted of an aggravated felony that involves fraud or deceit in which the loss to the victim exceeds $10,000, and a removal hearing was held. The statute under which petitioner was convicted does not indicate any particular monetary loss.

The immigration judge ("IJ") admitted as proof of conviction the criminal judgment and the presentence investigation report ("PSR"). As relevant here, the judgment of conviction stated: (1) that petitioner pled guilty to count one of the indictment; (2) that the amount of restitution ordered was $60,800.00; (3) that "[t]he court adopts the factual findings and guideline application in the presentence report except . . . [t]he Court lowers restitution amount to [$60,800.00] . . . ." The PSR indicated that petitioner pled guilty to Count One of a two count indictment, and that he and others conspired to traffic in counterfeit access devices, resulting in a monetary loss to three banking institutions in the total sum of $113,946.03. The IJ determined that petitioner

---

[1]He was also convicted in 1985 of criminal possession of a weapon in Criminal Court for the City of New York and in 2001 of unlawful use of a controlled substance in U.S. District Court (E.D.N.Y.).

2

had been convicted of an aggravated felony because the factual recitation in the PSR indicated that the amount of the loss suffered by the victims was greater than $10,000.

Petitioner appealed to the Board of Immigration Appeals ("BIA"). Although he conceded that the offense to which he pled guilty involved fraud or deceit, he asserted that the IJ erroneously used the PSR to find that the loss to the victims exceeded $10,000. The BIA concluded that the IJ did not err.

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a final order of removal against an alien convicted of an aggravated felony, and we must dismiss the petition. Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001). Aggravated felony includes "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Petitioner does not contest that his offense involved fraud or deceit. All he argues is that the IJ erred in relying on the PSR to establish a loss of more than $10,000 and that, therefore, he did not commit an aggravated felony. We disagree.

We do not have to reach the question of whether the amount of loss set forth in the PSR was properly considered because the judgment of conviction, admitted by the IJ, establishes the requisite loss by ordering that petitioner pay restitution of $60,800. Indeed, the District Court indicated in the judgment that the $60,800 represented only partial restitution, and that it "did not credit [petitioner] with the entire amount [of loss] since he was one of five to six people who robbed the bank." Because the judgment of

3

conviction, even without the PSR, sufficiently establishes that petitioner's offense involved a loss in excess of $10,000 and was an aggravated felony, we will dismiss the petition for lack of jurisdiction.